**Gene HALL, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 1243.**

United States District Court
N. D. Florida,
Tallahassee Division.

Feb. 6, 1967.

Gene Hall, pro se.

Louie L. Wainwright pro se, and Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., for respondent.

## ORDER

CARSWELL, Chief Judge.

The records and files herein affirmatively disclose that on July 25, 1966 petition was filed for writ of habeas corpus by this petitioner with the United States District Court for the Middle District of Florida. On the same day an order to show cause was issued by that Court. On August 16, 1966 a response to the show cause order was filed by the State of Florida. On December 6, 1966 this cause was transferred from the Middle District of Florida to this Court.

The petitioner alleges that he was not advised of his right to counsel on sentencing and that he, in fact, was not represented by counsel, either of his own choosing or selection or by court appointed counsel, at the time of his sentencing on September 20, 1960, at which time he received a committed sentence of six months to ten years.

The response of the State asserts that, "The minutes of the (sentencing) court are silent as to the attendance of petitioner's counsel at that time * * *

" * * * Accordingly it is not certain whether or not petitioner's counsel was in fact present, and respondent has been unable to resolve this uncertainty."

█ Respondent urges in opposition to this petition that despite this silence of the official records on this point that this petitioner was not at the time of the subject trial and sentencing an indigent defendant but was represented by privately employed counsel and that, therefore, there was no requirement that the State of Florida provide defendant with counsel for his sentencing. It is urged also that this is particularly true in view of the fact that defendant stood mute at the time of sentencing and made no request that his counsel be present. Silence under these conditions, the State urges, operates as a waiver that petitioner might have had his counsel present. The Court concludes from the records and files herein that the silence of the official records and the absence of an affirmative showing on the records that petitioner was (1) advised of his right to have counsel at every step of the proceedings against him, including sentencing, and (2) that if he were unable to afford counsel that the Court would appoint him an attorney to represent him at sentencing, then in the event of such failure of the records showing affirmatively, the petitioner is entitled to have

the sentence imposed upon him on September 20, 1960 by the Circuit Court for Bay County, Florida, Fourteenth Judicial Circuit, vacated and set aside. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

 The Circuit Court for Bay County, Florida, is not, however, divested of its authority to impose lawful sentence upon this petitioner after assuring that he has counsel representing him at the time of sentencing either of the petitioner's own choosing and selection or by that Court's appointment in the event the defendant is indigent and so requests it. The petitioner may waive counsel after he has been adequately advised of his right of counsel but the record and files of the proceeding must affirmatively disclose that he has been advised of his right of counsel and, further, the record and files must affirmatively disclose that he waived such right. His standing mute after he has been fully advised of his legal right of counsel and the same has been made part of the records of the case can under these circumstances be considered as a waiver of counsel for the purpose of sentencing.

 The basic holding here is that the teachings of Gideon v. Wainwright, supra, and subsequent cases thereto require that a defendant in a criminal proceeding for a felony must be advised and a record made thereof of his right to have counsel at every step of the proceedings against him, including sentencing. Only after such advice may waiver be considered to have been knowingly entered. This is in harmony with the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix of the Supreme Court of the State of Florida and the cases thereunder and also 28 U.S.C. § 2255 and the cases thereunder.

It is, therefore, accordingly, hereby

Ordered:

1. The Clerk of this Court be and he is hereby directed to mail a certified true copy of this order to: Clerk of the Circuit Court for Bay County, Florida, Fourteenth Judicial Circuit, Panama City, Florida; Honorable Earl Faircloth, Attorney General, Attention: Thomas E. Boyle, Assistant Attorney General, The Capitol, Tallahassee, Florida; and to petitioner, Mr. Gene Hall, No. A–00692, Post Office Box 221, Raiford, Florida, 32083.

2. This petition for writ of habeas corpus will be granted by this Court within thirty (30) days unless it be affirmatively shown on the records and files of this proceeding that petitioner has been brought before the Circuit Court for Bay County, Florida, Fourteenth Judicial Circuit; that his sentence of September 20, 1960 has been vacated and set aside; and that petitioner has knowingly and advisedly waived counsel or has had counsel representing him at subsequent sentencing.